a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RAYMOND RAWLINS,                    CIVIL DOCKET NO. 5:20-CV-0107-P
Petitioner

VERSUS                              CHIEF JUDGE S. MAURICE HICKS, JR.

JERRY GOODWIN,                      MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2254 (ECF No. 1) filed by *pro se* Petitioner Raymond Rawlins (#343233) ("Rawlins").
Rawlins is an inmate in the custody of the Louisiana Department of Corrections,
incarcerated at the David Wade Correctional Center in Homer, Louisiana.  Rawlins
challenges his sentence imposed in the First Judicial District Court, Caddo Parish.

Because Rawlins's § 2254 Petition (ECF No. 1) is untimely, it should be
DENIED and DISMISSED WITH PREJUDICE.

I.    Background

On July 27, 1994, Rawlins was convicted of manslaughter and being a second
felony offender pursuant to a guilty plea.   ECF No. 1-2 at 3.  He was sentenced to a
total term of 80 years of imprisonment.  *See id* at 3-4.

On September 29, 2017, Rawlins filed an application for post-conviction relief
claiming that his sentence was unconstitutional. *See id.* at 4. Because the law at the
time of his conviction provided a three-year limit on filing an application for post-

conviction relief, Rawlins's application was denied as untimely. *See id.* (citing La. C. Cr. P. art. 930.8).

The Louisiana Second Circuit Court of Appeal denied Rawlins's writ application on the showing made. *See id.* at 2. The Louisiana Supreme Court also denied writs, finding that the writ application was untimely filed under Louisiana Supreme Court Rule X, § 5. *Id.* at 1.

II.   Law and Analysis

A.   Rawlins's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

B.   Rawlins's Petition is untimely, and he is not entitled to statutory or equitable tolling.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Rawlins alleges that his Petition is timely because his conviction and sentence were never final due to the illegal nature of the sentence. By operation of law, Rawlins's conviction became final upon the expiration of time for seeking direct review. *Id.*

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Rawlins filed his application for post-conviction relief over 20 years after his conviction and sentence. Therefore, the AEDPA limitations period expired long before the application for post-conviction relief was filed. As a result, Rawlins does not benefit from statutory tolling. *See Villegas*, 184 F.3d at 472.

Moreover, the trial court and appellate court determined that Rawlins's application for post-conviction relief was untimely under article 930.8 of the Louisiana Rules of Criminal Procedure. ECF No. 1-2 at 2-5. "When a postconviction

petition is untimely under state law, 'that [is] the end of the matter' for purposes of §

2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 241, 226 (2002)).

Finally, the Louisiana Supreme Court refused to consider Rawlins's writ

application because it was also untimely filed.  ECF No. 1-2 at 1.  Therefore, neither

the post-conviction application nor the writ application in the Louisiana Supreme

Court were "properly filed."

Although the AEDPA's one-year statutory deadline can be equitably tolled in

exceptional circumstances, there is no justification for doing so for Rawlins's Petition.

*See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11

(5th Cir. 1998).  To be entitled to equitable tolling, a petitioner must show that he

has been pursuing his rights diligently, and that some extraordinary circumstance

stood in his way and prevented timely filing.  *See Mathis v. Thaler*, 616 F.3d 461, 474

(5th Cir. 2010).  A petitioner bears the burden of proof to invoke equitable tolling.

*See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Rawlins provides no

evidence or argument that would entitle him to equitable tolling, and this Court

knows of no such evidence.

## III.    Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that

Rawlins's § 2254 Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any

party may serve and file with the Clerk of Court written objections to this Report and

Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __20th__ day of

March 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE